**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DANIEL COHETERO, Individually and on Behalf of All Others Similarly Situated,**<br><br>       **Plaintiff,**<br><br>-against-<br><br>**STONE & TILE INC., Y & L NY INTERIORS INC., GRANITE REALTY CORP., LAZER MECHLOVITZ and NACHMAN MECHLOVITZ, Jointly and Severally,**<br><br>       **Defendants.** | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Daniel Cohetero ("Cohetero" or "Plaintiff"), individually and on behalf of all others similarly situated, as collective representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former marble cutter and polisher at Defendants' masonry supply business with locations in Brooklyn and Cedarhurst, New York. While working for Defendants, Plaintiff typically worked well in excess of forty (40) hours per week and was paid at straight-time

1

rates for all hours worked, including overtime hours. As such, Plaintiff was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours worked in excess of forty (40) in a given workweek. Plaintiff also did not receive proper wage notices or wage statements.

2. Plaintiff brings this action to recover unpaid overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for Defendants' failure to provide wage notices and wage statements, pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3. Plaintiff brings his FLSA claim on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and any individuals who exercise their right to opt-in to this action pursuant to the FLSA (the "Opt-In Plaintiffs").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7. Plaintiff Daniel Cohetero was, at all relevant times, an adult individual residing in Kings County, New York.

8. Throughout the relevant time period, Plaintiff performed work for Defendants at their warehouse located at 1061 61st Street, Brooklyn, New York 11219.

9. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

10. Upon information and belief, Stone & Tile Inc. is an active New York Corporation doing business as "Lazer Marble & Granite" with its principal place of business located at 1053 Dahill Road, Brooklyn, New York 11204.

11. Upon information and belief, Y & L NY Interiors Inc. is an active New York Corporation doing business as "Lazer Marble & Granite" with its principal place of business located at 1053 Dahill Road, Brooklyn, New York 11204.

12. Upon information and belief, Granite Realty Corp., is an active New York Corporation with its principal place of business located at 1053 Dahill Road, Brooklyn, New York 11204.

13. The corporate defendants listed in Paragraphs 10 through 12 are hereinafter referred to collectively as "Lazer Marble" or the "Corporate Defendants."

14. The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs.

15. At all relevant times, the Corporate Defendants operated together as a single business enterprise utilizing the same practices and policies.

16. Upon information and belief, Granite Realty Corp. owns a portion of the property where the business is located at 1053 Dahill Road, Brooklyn, New York 11204.

17. Upon information and belief, the Corporate Defendants are located at the same address, managed by the same persons, and share resources and personnel.

18. Defendant Lazer Mechlovitz ("L. Mechlovitz") is an owner of operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, L. Mechlovitz was in charge of determining the Corporate Defendants' policies with respect to payroll, and otherwise running the business of the Corporate Defendants.

19. Defendant Nachman Mechlovitz ("N. Mechlovitz") is an owner of operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, N. Mechlovitz was in charge of determining the Corporate Defendants' policies with respect to payroll, and otherwise running the business of the Corporate Defendant.

20. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and are each an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

21. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

22. At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

23. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

24. At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## DISSOLUTION OF LAZER MARBLE & GRANITE CORP.

25. On May 27, 2016, Plaintiff, through his counsel, issued a letter demand for payment of back wages to the Individual Defendants and corporate entity Lazer Marble & Granite Corp.

26. The letter was received by the Defendants on May 31, 2016.

27. The Individual Defendants and Lazer Marble & Granite Corp. did not respond to the Plaintiff's letter demand.

28. On June 29, 2016, corporate entity Lazer Marble & Granite Corp. was dissolved by proclamation and is no longer an active corporation.

29. Upon information and belief, Defendants dissolved Lazer Marble & Granite Corp. to avoid liability for the unpaid wages they owe pursuant to Plaintiff's May 27, 2016 letter demand.

## COLLECTIVE ACTION ALLEGATIONS

30. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since August 8, 2013 and through the entry of judgment in this case (the "Collective Action Period") who worked as hourly employees (the "Collective Action Members").

31. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

32. Plaintiff and the Collective Action Members have substantially similar job duties, and are paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

**Defendants' Building Supply Business**

33. At all relevant times, Defendants have been in the building supply business.

34. According to Defendants' website, http://www.lmgtile.com/aboutus.aspx, "For the past 20 years Lazer Marble & Granite has been supplying tiles for commercial projects, including buildings, offices, schools and hotels throughout the U.S."

35. According to corporate filings with the New York State Department of State, Division of Corporations, Defendant L. Mechlovitz is the Chief Executive Officer of Stone & Tile Inc.

36. According to corporate filings with the New York State Department of State,

Division of Corporations, Defendant L. Mechlovitz is the Chief Executive Officer of Y & L NY Interiors Inc.

37. According to corporate filings with the New York State Department of State, Division of Corporations, Defendant L. Mechlovitz is the Chief Executive Officer of Granite Realty Corp.

38. According to corporate filings with the New York State Department of State, Division of Corporations, Defendant N. Mechlovitz was the Chief Executive Officer of Lazer Marble & Granite Corp. until its dissolution on June 29, 2016.

39. Upon information and belief, the Individual Defendants are frequently present at Lazer Marble's locations and take an active role in ensuring that the company is run in accordance with their procedures and policies, including employee payroll policies, and paying employees including the Plaintiff.

40. Upon information and belief, Stone Tile Inc. has a showroom at 1053 Dahill Road, Brooklyn, New York 11204 and a showroom at 560 Willow Avenue, Cedarhurst, New York 11516, as well as a warehouse location at 1061 61st Street, Brooklyn, New York 11219 where marble cutting work is performed.

41. Upon information and belief, Granite Realty Corp. is and was at all relevant times herein the entity through which the Individual Defendants enabled Lazer Marble & Granite to share space, resources and personnel.

42. Upon information and belief, the Corporate Defendants have the same location; have the same phone number; have the same or substantially similar ownership; have the same or substantially similar managers (i.e., the Individual Defendants); and share space.

**Plaintiff's Work for Defendants**

43. <u>Plaintiff Cohetero</u> was employed by Defendants as a marble cutter and polisher from approximately 1993 to on or about January 21, 2016 (the "Cohetero Employment Period").

44. Throughout the Cohetero Employment Period, Cohetero was primarily responsible for cutting, polishing and cleaning marble.

45. Throughout the Cohetero Employment Period, Cohetero typically worked six (6) days per week. Sunday through Thursday, Cohetero typically worked from approximately 7:00 am to approximately 5:00 pm. On Friday, Cohetero typically worked from 7:00 am to 1:00 pm. Monday through Thursday, Cohetero typically took a thirty (30) minute lunch break. Approximately twice per month, Cohetero worked an extra one (1) or two (2) hours in the evening to complete orders. In total, Cohetero typically worked between fifty-six and fifty-eight (56-58) hours per week.

46. For his work, since in or around 2010, Cohetero was paid nine dollars and fifty-cents ($9.50) per hour for all hours worked. Throughout the Cohetero Employment Period, Cohetero did not receive overtime premiums for hours worked over forty (40) in a given workweek. Cohetero was paid at straight-time rates for all hours worked.

47. Cohetero received his wages in cash, contained in an envelope, typically from Defendant N. Mechlovitz. Cohetero was never provided a wage statement indicating the amount of hours he worked during the week, his regular wage rate, and/or his overtime rate.

48. Cohetero tracked his hours worked on Defendants' time clock.

49. Whenever Cohetero or other employees asked for a raise or complained about their wages, they were told by managers, "If you don't like the payment, there's the door."

50. At no point during Cohetero's employment did he receive a wage notice showing his hourly or overtime rate or any other document detailing the manner in which he was paid.

**Defendants' Unlawful Corporate Policies**

51. Throughout the relevant time period, upon information and belief, Defendants have employed other hourly employees who similarly worked in excess of forty (40) hours per week during the Class Period and were similarly not paid overtime premiums for hours worked over forty (40). Defendants' failure to Plaintiff and Class Members overtime compensation of one and one-half times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants, which applied to all of their hourly employees throughout the relevant period.

52. Defendants did not provide Plaintiff or Class Members with proper wage notices at the time of hire or by February 1 of each year or wage statements with each payment of wages.

53. Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay overtime premiums and spread of hours premiums.

54. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment. Upon information and belief, such individuals were not paid time and one-half when working in excess of forty (40) hours per week. Additionally, such individuals were not provided with proper wage statements with their weekly wage payments nor proper wage notices at hiring, by February 1 of each year, or on a weekly basis.

55. Upon information and belief, throughout the Collective Action Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

9

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought On Behalf of Plaintiff and the Collective Action Members)**

56. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought On Behalf of Plaintiff and Opt-In Plaintiffs)**

60. Plaintiff, on behalf of himself and any Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61. Defendants willfully violated Plaintiff's and the Opt-In Plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations

promulgated thereunder.

62. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Opt-In Plaintiffs to suffer loss of wages and interest thereon. Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought On Behalf of Plaintiff and Opt-In Plaintiffs)**

63. Plaintiff, on behalf of himself and the Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64. Defendants have willfully failed to supply Plaintiff and the Opt-In Plaintiffs notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Opt-In Plaintiffs as their primary language, containing Plaintiff's and Opt-In Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

65. Due to Defendants' violations of the NYLL, Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500)

11

per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENT
### (Brought On Behalf of Plaintiff and Opt-In Plaintiffs)

66. Plaintiff, on behalf of himself and the Opt-In Plaintiffs, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67. Defendants have willfully failed to supply Plaintiff and Opt-In Plaintiffs with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

68. Due to Defendants' violations of the NYLL, Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b.

h. One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

i. An award of prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and experts fees; and

k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
August 8, 2016

PELTON GRAHAM LLC

By: _____
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative Collective and Class*

14

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Lazer Marble & Granite Corp. y/o Stone Title, Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_Daniel G Chetcuart_
Firma

_Daniel G Chetcuart_
Nombre Escrito