UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
DANIEL COHETERO,                                       :
                                                       :
                              Plaintiff,               :
                                                       :          REPORT &
            -against-                                  :          RECOMMENDATION
                                                       :          16-CV-4420 (KAM) (SMG)
STONE & TILE INC., et al.,                             :
                                                       :
                              Defendant.               :
-----------------------------------------------------------------------x
STEVEN M. GOLD, U.S. Magistrate Judge:


        Plaintiff has filed a letter motion seeking approval of a settlement he has reached with

defendants in this action brought pursuant to the Fair Labor Standards Act.  Docket Entry 14.  By

Order dated June 12, 2017, United States District Judge Matsumoto referred plaintiff's motion to

me for Report and Recommendation.

        I have reviewed the letter motion and the parties' settlement agreement.  Having done so,

I find that "the agreement reflects a reasonable compromise of disputed issues [rather] than a

mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info.*

*Networking Computing, USA, Inc.*, 2008 WL 724155 (E.D.N.Y. Mar. 13, 2008) (internal

quotations and citation omitted).  *See also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d

199 (2d Cir. 2015).

        In reaching this conclusion, I have considered several factors.  First, the settlement

amount will provide plaintiff with a recovery that is, after payment of fees and costs,

approximately equal to two-thirds of his claimed actual unpaid wages.  Defendants dispute the

number of overtime hours plaintiff worked, and there is no indication that the facts asserted by

either side are subject to corroboration.  Accordingly, the compromise plaintiff is making is

consistent with the risks of litigation and not unreasonable.  Second, the facts recounted in

plaintiff's letter motion indicate that the settlement negotiations were conducted at arm's length.

Defendants have closed their business, have not retained counsel, and have negotiated the

settlement through their accountant; plaintiff, in contrast, is represented by a lawyer with

substantial wage-and-hour litigation experience.  There would seem to be little risk of

overreaching by defendants in these circumstances.  Moreover, the release term in the settlement

agreement is limited to wage-and-hour claims, and the settlement agreement does not impose a

duty of confidentiality.  Finally, the attorney's fee portion of the settlement is consistent with the

terms of plaintiff's retainer agreement and, according to plaintiff's counsel, is for an amount less

than his reasonable lodestar fee.

      For all these reasons, I respectfully recommend that the settlement agreement be

approved.  Any objections to the recommendations made in this Report must be made within

fourteen days after filing of this Report and Recommendation and, in any event, on or before

June 26, 2017.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely

objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health*

*& Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day

limit).  Plaintiff shall forthwith serve copies of this Report and Recommendation upon the

defaulting defendant at its last known address and file proof of service with the Court.

                           /s/
                           Steven M. Gold
                           United States Magistrate Judge

Brooklyn, New York
June 12, 2017

*U:\Cohetero R&R 16cv4420 FINAL.docx*

2