UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIEL COHETERO,

     *Plaintiff*,

-against-

STONE & TILE, INC., Y & L NY
INTERIORS INC., GRANITE REALTY
CORP., LAZER MECHLOVITZ and
NACHMAN MECHLOVITZ,

     *Defendants*.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

16-CV-4420 (KAM)(SMG)

**MATSUMOTO**, United States District Judge:

    On August 8, 2016, plaintiff Daniel Cohetero ("plaintiff") commenced this action by filing a complaint ("Compl." or the "complaint," ECF No. 1) against defendants Stone & Tile Inc., Y & L NY Interiors Inc., Granite Realty Corp., Lazer Melchovitz, and Nachman Melchovitz (collectively, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law. (Compl. at ¶ 2.) On June 8, 2017, the parties submitted a letter motion ("Mot." or the "approval motion," ECF No. 14) seeking approval of the parties' settlement agreement ("Settlement Agreement") resolving this action. (*See* Mot. at 1; *see also* Settlement Agreement, ECF No. 14-1.) Presently before the court is a report and recommendation ("R&R" or the "Report and Recommendation," ECF No. 15) issued by the Honorable Steven M. Gold, United States Magistrate Judge,

recommending that the court approve the Settlement Agreement. (R&R at 2.) For the reasons set forth below, the court adopts and supplements Judge Gold's Report and Recommendation and approves the Settlement Agreement.

**I. Background**

Plaintiff is a former marble cutter and polisher at defendants' masonry supply business. (Compl. at ¶ 1.) In the complaint, he alleges, *inter alia*, that he was employed by defendants from approximately 1993 to January 21, 2016, and that during this period, plaintiff and his fellow employees were not paid wages at the rate of time and one-half of their hourly rate when working in excess of forty hours per week, nor were they provided with proper wage statements or wage notices.[1] (*Id.* at ¶¶ 43, 54-55.) Based on plaintiff's allegations that he worked between fifty-six and fifty-eight hours per week at a base wage of $9.50 per hour, (*Id.* at ¶¶ 45-46), plaintiff's counsel estimates that plaintiff was due, but not paid, an aggregate of $23,757.80 from his employment by defendants. (Mot. at 2.)

Defendants never appeared or otherwise defended this action and, consequently, the clerk of court entered a certificate of default on February 15, 2017. (ECF No. 13.) Nevertheless,

---

[1] Plaintiff initially brought this action "individually and on behalf of all similarly situated, as collective representative," (Compl. at 1), but never sought certification of the complaint as a collective action pursuant to 29 U.S.C. § 216(b) or Rule 23.

2

defendants' accountant reached out to plaintiff's counsel following service of the complaint, and the parties engaged in settlement discussions culminating in the Settlement Agreement. (Mot. at 1-2.) The Settlement Agreement provides, in part, that the parties will settle the action for a total sum of $22,500, of which $8,213.26 is payable to plaintiff's counsel. (Settlement Agreement § 1(a).) Of the amount payable to plaintiff's counsel, $1,069.90 represents counsel's expenses, including filing and service costs, and the remainder represents one-third of the settlement amount after subtracting expenses. (*Id.*) The remaining $14,286.74 is payable to plaintiff. (*Id.*) The Settlement Agreement also includes a mutual non-disparagement clause, though the clause allows parties to "truthfully communicat[e] their experiences" concerning the instant action and their settlement. (Settlement Agreement § 7.) Plaintiff filed the approval motion on June 8, 2017, and on June 12, the court entered an order referring the approval motion to Judge Gold.

On June 12, 2017, Judge Gold issued a Report and Recommendation finding that the Settlement Agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." (R&R at 1 (quoting *Le v. SITA Info. Networking Computing, USA, Inc.*, No. 07-CV-86, 2008 WL 724155 at *1 (E.D.N.Y. Mar. 13, 2008)).) Judge Gold noted that the settlement amount, net of fees

3

and costs, is "consistent with the risks of litigation and not unreasonable" as it will provide plaintiff with a recovery "approximately equal to two-thirds of his claimed actual unpaid wages," though "[d]efendants dispute the number of overtime hours plaintiff worked, and there is no indication that the facts asserted by either side are subject to corroboration." (*Id.* at 1-2.) Judge Gold also noted that the facts recounted in the approval motion indicate that the parties negotiated "at arm's length" under circumstances presenting "little risk of overreaching by defendants," as defendants negotiated through their accountant and plaintiff was represented by experienced counsel, that the Settlement Agreement's release of defendants was limited to wage-and-hour claims, and that the Settlement Agreement imposed no duty of confidentiality. (*Id.* at 2.) Finally, Judge Gold found the attorney's fee portion to be consistent with plaintiff's retainer agreement and reasonable. (*Id.*)

Judge Gold directed plaintiff to serve copies of the Report and Recommendation on defendants at their last known address and directed that any objections be made within fourteen days of the Report and Recommendation's filing and, in any event, on or before June 26, 2017. (R&R at 2.) Plaintiff served the Report and Recommendation as directed by Judge Gold on June 16, 2017. (*See* Declaration of Service, ECF No. 16.) No objections were filed.

4

**II. Standard of Review**

   **A. Review of Magistrate Judge Order**

   A district judge may designate a magistrate judge to hear and determine issues that arise before trial. 28 U.S.C. § 636. In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to a report and recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

   **B. *Cheeks* Review**

   Rule 41 of the Federal Rules of Civil Procedure provides, in relevant part, that:

   > Subject to Rules 23(e), 23.1(c), 23.2, and 66, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
   >    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
   >    (ii) a stipulation of dismissal signed by all parties who have appeared.

   Fed. R. Civ. P. 41(a)(1)(A).

   The FLSA is an "applicable federal statute" within the meaning of Rule 41. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 205 (2d Cir. 2015). Accordingly, parties cannot

privately settle claims with prejudice without the court's approval. *See id.* (holding that stipulated dismissals of FLSA cases under Rule 41(a)(1)(A)(ii) require the approval of the district court or the Department of Labor to take effect). The parties must satisfy the court that their agreement is "fair and reasonable," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), and where, as here, a proposed settlement includes the payment of attorneys' fees, the court must consider the reasonableness of the fee award. *Id.* at 336 (citing 29 U.S.C. § 216(b); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

In determining whether to approve a proposed FLSA settlement, relevant factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky* 900 F. Supp. 2d at 335 (citations and internal quotation marks omitted).

Factors weighing against approval include "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3)

6

a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336 (citation and internal quotation marks omitted). Courts have also expressed concern when presented with onerous confidentiality provisions and overly broad releases in FLSA settlement agreements. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177-81 (S.D.N.Y. 2015) (discussing courts' treatment of such provisions and finding confidentiality provisions and releases at issue impermissible).

**III. Discussion**

The court has undertaken a careful review of the well-analyzed Report and Recommendation and the record in this case, and considers that neither party has objected to any of Judge Gold's recommendations.

**A. Fee Analysis**

In reviewing the record, the court has undertaken a detailed analysis of the attorneys' fees requested in the approval motion. To facilitate this review, the court requested, and plaintiff's counsel provided, contemporaneous time records (the "Billing Records," ECF No. 17-1), an English-language translation of the retainer agreement between plaintiff and his counsel

7

("Retainer" or the "retainer agreement," ECF No. 17-3),[2] and an affidavit setting forth the relevant experience and qualifications of all timekeepers appearing in the Billing Records. ("Decl." or the "attorney affidavit," ECF No. 18.)

As noted above and set forth in the Settlement Agreement and approval motion, plaintiff's counsel seeks an award of $8,213.26, consisting of $1,069.90 in expense reimbursement and $7,143.36 in attorneys' fees. (Mot. at 2; Settlement Agreement § 1(a).) The fee amount represents thirty-three and one-third (33.33%) percent of the plaintiff's recovery net of expenses. (Mot. at 2.) The retainer agreement provides that, in the event of a settlement, plaintiff's counsel would be entitled to "thirty-three and one-third percent (33.33%) of the *gross* proceeds of recovery," (Retainer ¶ 3 (emphasis added)), which would result in a slightly higher fee than plaintiffs' counsel seeks here as thirty-three and one-third percent of the gross settlement amount is $7,500.

i. **Reasonableness of Fees Generally**

In determining the reasonableness of a requested fee award, "there is a strong presumption that the 'lodestar' amount – that is, the number of attorney hours reasonably expended times a reasonable hourly rate – represents a reasonable fee," though

---

[2] Plaintiff's counsel also provided the original retainer agreement as executed by plaintiff, (ECF No. 17-2), which is in Spanish because plaintiff is a Spanish speaker.

8

"the court may adjust the fee upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 337-38 (collecting cases). Courts determine the reasonableness of an hourly rate on a number of factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bogosian v. All Am. Concessions,* No. 06-CV-1633 (RRM) (RML), 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008)).

Additionally, in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the fee through negotiation, the "range of reasonableness" for attorneys' fees is greater than in a collective or class action, though courts must nevertheless carefully scrutinize the settlement, including to ensure that counsel's pecuniary interest "did not adversely affect the extent of relief counsel procured for the client[]." *Wolinsky* at 336 (quoting *Misiewicz v. D'Onofrio*

9

*Gen. Contractors Corp.,* No. 08-CV-4377(KAM)(CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010) (Pollak, M.J.) and *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F.Supp. 110, 110-11 (S.D.N.Y. 1997)).

In recent cases in this district, the court has found hourly rates ranging from $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants to be reasonable. *Hall v. Prosource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11 2016) (identifying a range of hourly rates prevailing in this district); *see also Ramos v. Nikodemo Operating Corp.* No. 16-CV-1052 (KAM) (JO), slip op. at 21 (E.D.N.Y. Aug. 7, 2017) (ECF No. 42) ("Although the hourly billing rates ranging from $125 per hour for paralegals to $450 per hour for senior partners are somewhat on the high end of fee awards in this district, both are within the range awarded in wage and hour cases in this district." (citing *Hall*, 2016 WL 1555128 at *12-13)); *Lopic v. Mookyodong Yoojung Nakjie, Inc.*, No. 16-CV-4179 (KAM) (CLP), slip op. at 32-33 (E.D.N.Y. Sept. 30, 2017) (ECF No. 13) (surveying cases and noting that hourly rates approved in cases in this district "have ranged from for $300 to $400 for partners, $200 to $300 for senior associates and $100 to $150 for junior associates." (citations omitted)). In a recent case in which the "reasonable" hourly rate for several timekeepers in this matter was before the court, the court found an hourly rate of $125 to be "above the range typically awarded to paralegals in this district,"

but concluded it was nevertheless reasonable because the paralegals were fluent in both English and Spanish. *Hall*, 2016 WL 1555128 at *13.

### ii. Reasonableness of Plaintiff's Counsel's Hourly Rate

The court notes that counsel's efforts in obtaining a notation of default and negotiating plaintiff's settlement of the instant action do not appear to have involved any novel or difficult legal questions, nor does this action's prosecution appear to require an unusually high level of skill. (*See* Compl. at ¶¶ 56-68 (setting forth causes of action).) There is no indication that this action has precluded counsel from taking on other employment or that the nature of the action or the client imposed significant constraints on counsel. The Billing Records suggest that the attorney-client relationship began in February of 2016, effectively ended in June of 2017, and in the interim involved communication on an as-needed basis and did not involve ongoing legal advice. (*See generally* Billing Records). Accordingly, application of the factors articulated in *Bogosian*, 2012 WL 1821406 at *2, and *Arbor Hill*, 522 F.3d at 189, suggests that the reasonable hourly rate in this action should generally be within, and not at the top end of, the range of fees awarded in this district.

The timekeepers in the instant action, together with their position and requested hourly rate, are (i) Brent Pelton,

Esq., partner, $450; (ii) Taylor B. Graham, Esq., partner, $350; (iii) Joanne M. Albertsen, Esq., associate, $275; (iv) Kristen Boysen, Esq., associate, $225, (v) Belinda Herzao (Dau), paralegal, $175; and (vi) Adriana Sandoval, paralegal, $125. (Decl. at ¶¶ 6-11; *see also generally* Billing Records.)

Mr. Pelton has fifteen years' practice experience, including significant experience in FLSA and NYLL lawsuits. (Decl. at ¶ 6.) His requested hourly rate of $450 is "at the top range typically awarded to partners in this district," *Hall*, 2016 WL 1555128 at *12 (citations omitted), and although Mr. Pelton has been awarded a $450 hourly rate in another action in this district, that determination expressly considered the favorable result achieved," *id.*, namely a $1.125 million settlement amount payable to both named and class plaintiffs directly and through a settlement fund, as applicable. *Id.* at *2. While the result here is favorable, the settlement does not approach the magnitude or complexity of that at issue in *Hall*, and the court therefore finds that an hourly rate of $450 would be unreasonably high for Mr. Pelton. The court will instead apply an hourly rate of $375 for his time, which, as discussed above, is nevertheless on the higher end of hourly rates awarded to partners in this district but is more clearly within the range typically awarded.

Mr. Graham is a 2011 law school graduate and Ms. Albertsen is a 2010 law school graduate. (Decl. at ¶¶ 7-8.) Both

12

Mr. Graham and Ms. Albertsen possess significant employment litigation experience, though Mr. Graham is a partner and Ms. Albertsen is an associate. (*Id.*) Ms. Albertsen's hourly rate of $275 is within the range of reasonableness. *See Hall*, 2016 WL 1555128 at *12 (citations omitted) (applying $300 hourly rate for Ms. Albertsen).[3] Mr. Graham's hourly rate presents a closer call, as in April of 2016, this court applied a rate of $300 for Mr. Graham, though he was not a partner in the firm at that time. *Id.* Plaintiff's counsel does not state when Mr. Graham became a partner in the firm – but he appears to have become a partner within the last 21 months – or otherwise provide a basis for finding that his hourly rate should be higher in the instant action. Consequently, the court will apply a $300 hourly rate for Mr. Graham, which, as discussed above, is at the high end of rates awarded to senior associates and the low end of rates awarded to partners in this district.

Ms. Boysen is a 2014 law school graduate and has worked at her present firm since October of that year. (Decl. at ¶ 9.)

---

[3] The court notes that the Billing Records reflect several entries, totaling one billable hour, that Ms. Albertsen billed in connection with responding to the court's requests for the records necessary to determine if counsel's fee request is reasonable. (*See* Billing Records at 1). The hourly rate for this time is listed at $325. (*Id.*) The $325 hourly rate is not reasonable for Ms. Albertsen, and moreover, it is not reasonable for plaintiff's counsel to bill time in connection with responding to requests for records that should have been submitted as part of the initial settlement approval motion. As noted above, the court will apply an hourly rate of $275 for all hours billed by Ms. Albertsen, and court's treatment of unreasonably billed time is discussed *infra*.

Her requested hourly rate of $225 is excessive for someone with her experience, as she is a midlevel associate and the fee range for senior associates, who have more experience, is $200 to $300, as discussed above. The court will apply an hourly rate of $200 for Ms. Boysen, which is the midpoint of the range of fees typically awarded for associates in this district. Belinda Herazo (Dau) and Adriana Sandoval are paralegals and both are fluent in Spanish and English. (Decl. at ¶ 10-11.) Ms. Herazo's requested hourly rate of $175 and Ms. Sandoval's requested hourly rate of $125 are above the range typically awarded to paralegals in this district. *Hall* 2016 WL 1555128 at *13 (citing *Gesualdi v. Metro. Sewer, Inc.*, No. 11-CV-6363, 2016 WL 943533, at *7 (E.D.N.Y. Feb. 19, 2016) (awarding hourly rate of $105 for paralegals); *Barrella v. Vill. of Freeport*, 43 F.Supp.3d 136, 174 (E.D.N.Y. 2014) (awarding hourly rate of $100 for paralegals)). However, because of their language abilities and because plaintiff here is a Spanish speaker, the court concludes that an hourly rate of $125 is reasonable for Ms. Herazo and Ms. Sandoval. *See id.* (citation omitted) (awarding $125 hourly rate for paralegals, including Ms. Herazo, in light of her relevant language skills).

    **ii. Reasonableness of Hours Billed**

For purposes of determining a reasonable fee, the number of hours billed must also be reasonable, and courts should not award fees for "hours that were excessive, redundant, or otherwise

14

unnecessary to the litigation." *Hall*, 2016 WL 1555128 at *13 (quoting *Cho v. Koan Med Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007)) (internal quotation marks omitted). Further, courts may reduce a fee award due to excessive hours without "sett[ing] forth item-by-item findings concerning what may be countless objections to individual billing items," *id.* (quoting *Lunday v. Cty of Albany*, 42 F.3d 131, 134 (2d Cir. 1994), and may instead "reduce an award . . . by a specific percentage for duplicative, vague, or excessive billing entries." *Id.* (citing *In re "Agent Orange" Prods. Liab. Litig.*, 818 F. 2d 226, 237 (2d Cir. 1987 (quotation omitted)).

Here, the court is concerned that certain hours billed are unnecessary or otherwise inappropriate. As noted above, the Billing Records, at 1, reflect entries for time spent preparing documents necessary for the court's review of the reasonableness of fees. This time is not reasonable. *Cf. Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015) (denying judicial approval of FLSA settlement agreement because, among other reasons, "nearly half of the hours spent on [the] case . . . were spent on seeking . . . approval of the settlement."). The Billing Records also indicate that timekeepers in this action spent over 12 hours drafting and otherwise preparing a motion for a default judgment and related proposed findings of fact and conclusions of law. (Billing Records at 2-4.) While the court does not take

15

issue with the decision to prepare the motion for a default judgment in the event that settlement negotiations were unsuccessful, given the facts and law at issue in the instant action, the time expended on this task is excessive. Rather than parse each entry and apply item-by-item reductions, the court will reduce the lodestar amount of each time keeper/fee seeker by five percent. *See, e.g., In re Vitamin C Antitrust Litig.*, No. 06-MD-1738, 2013 WL 6858853, at *5 (E.D.N.Y. Dec. 30, 2013) (reducing fees by 5% to account for impermissible time entries).

### iii. Reasonableness of Fee Request

Applying the aforementioned hourly rates and five percent reduction, the court arrives at a lodestar amount of $12,052.18, determined as follows:

| TIMEKEEPER | RATE | HOURS | TOTAL |
|---|---|---|---|
| **PELTON** | $375 | 8.4 | $3,150.00 |
| **GRAHAM** | $300 | 0.4 | $120.00 |
| **ALBERTSEN** | $275 | 8.5 | $2,337.50 |
| **BOYSEN** | $200 | 15.42 | $3,084.00 |
| **DAU/HERZAO** | $125 | 30.55 | $3,818.75 |
| **SANDOVAL** | $125 | 1.41 | $176.25 |
| | | Initial Total | $12,686.50 |
| | | 5% Reduction | ($634.33) |
| | | Final Total | $12,052.18 |

The $7,143.36 fee requested here is indeed below the lodestar amount of $12,052.18.

16

The court addresses one additional issue before concluding its fee analysis. The court notes that plaintiffs arrived at their requested fee amount as follows: first, they subtracted from the settlement amount of $22,500 a sum of $1,069.90, representing counsel's requested expense reimbursement. Second, plaintiff's counsel divided the remaining $21,430.10 by three and arrived at $7,143.36.

As the court explains below, however, the court awards only $400 of the $1,069.90 in requested expense reimbursement. Plaintiff's counsel's fee under the retainer agreement should therefore be calculated based on expenses of $400, not $1,069.90. The calculation based on the new expense amount is as follows: first, from the settlement amount of $22,500, a sum of $400, representing expense reimbursement, should be subtracted. Second, the remaining $22,100 should be divided by three. This results in an amount of $7,366.66, representing thirty-three and one-third percent of the settlement amount net of expenses actually awarded. The court therefore awards plaintiff's counsel reasonable fees in the amount of $7,366.66, an amount still below the lodestar amount.

**B. Expenses**

In FLSA actions, "[c]ourts typically allow counsel to recover their reasonable out-of-pocket expenses." *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 316 (E.D.N.Y. 2015) (quoting *Viafara v. Mciz Corp.*, No. 12-CV-7452 (RLE), 2014

17

WL 1777438 at *15 (S.D.N.Y. May 1, 2014)). Here, plaintiff's counsel seeks approval of expenses in the amount of $1,069.90, which plaintiff's counsel states represents "costs for filing and service of the complaint." (Mot. at 2.) However, plaintiff's counsel has not provided documentation in support of these expenses. *See Flores*, 104 F. Supp. 3d at 316 (referring to ECF No. 155-4 in that action, an itemized list of expenses incurred by counsel in that action, in approving expense reimbursement in an FLSA action). Because plaintiff's counsel provides no documentation of its expenses, or for that matter any support beyond the aforementioned statement in the Approval Motion, the court will award expense reimbursement in the amount of $400, the filing fee for a civil case in this district. The remaining $669.90 of counsel's request will not be awarded.

C. **Remaining Considerations**

The court is in agreement with the remainder of Judge Gold's analysis. As Judge Gold noted, plaintiff's ultimate recovery will be approximately two-thirds of his claimed, actual unpaid wages, which is not unreasonable in light of the risks of litigation. Additionally, the Settlement Agreement appears to have been reached at arm's-length, its releases are limited to wage and hour claims, and the mutual non-disparagement clause carves out the parties' ability to speak truthfully about their

18

experiences concerning this action and settlement. (Settlement Agreement § 7.)

**IV.    Conclusion**

For the reasons set forth above, the court adopts Judge Gold's Report and Recommendation, except that the court will allow expense reimbursement in the amount of $400, and will allow fees in the amount of $7,366.66. The remaining $14,733.34 of the settlement amount shall be remitted to plaintiff immediately, to the extent it has not been already.

**So Ordered.**

Dated: Brooklyn, New York
       January 25, 2018

                                                        /s/
                                        _____
                                        **KIYO A. MATSUMOTO**
                                        United States District Judge
                                        Eastern District of New York